United States Court of Appeals
For the Eighth Circuit
_____

No. 13-2687
_____

David Anthony Stebbins

*Plaintiff - Appellant*

v.

Rita F. Stebbins and David D. Stebbins

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: November 6, 2013
Filed: November 12, 2013
[Unpublished]
_____

Before SMITH, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Petitioner David A. Stebbins appeals from the judgment of the District Court[1] dismissing his pro se action. Upon review of the record, we conclude that we lack

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

jurisdiction to entertain this appeal. See Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (explaining that jurisdictional issues "will be raised sua sponte"). Following the dismissal of his complaint, Stebbins filed what was in effect a timely motion for postjudgment relief under Rule 59(e) of the Federal Rules of Civil Procedure. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (citation to quoted case omitted)). That motion remains pending, and until the District Court rules on it, Stebbins's notice of appeal will lie dormant. See Fed. R. App. P. 4(a)(4)(A) (noting that if a party timely files a Rule 59 motion for a new trial or to alter or amend the judgment, the time to file the appeal runs from the entry of the order disposing of such motion); United States v. Duke, 50 F.3d 571, 575 (8th Cir.); cert. denied, 516 U.S. 885 (1995).

    Accordingly, we dismiss this appeal for lack of jurisdiction.

_____

Appellate Case: 13-2687     Page: 2     Date Filed: 11/12/2013 Entry ID: 4094788

jurisdiction to entertain this appeal. See Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (explaining that jurisdictional issues "will be raised sua sponte"). Following the dismissal of his complaint, Stebbins filed what was in effect a timely motion for postjudgment relief under Rule 59(e) of the Federal Rules of Civil Procedure. See Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (citation to quoted case omitted)). That motion remains pending, and until the District Court rules on it, Stebbins's notice of appeal will lie dormant. See Fed. R. App. P. 4(a)(4)(A) (noting that if a party timely files a Rule 59 motion for a new trial or to alter or amend the judgment, the time to file the appeal runs from the entry of the order disposing of such motion); United States v. Duke, 50 F.3d 571, 575 (8th Cir.); cert. denied, 516 U.S. 885 (1995).

Accordingly, we dismiss this appeal for lack of jurisdiction.

_____

Appellate Case: 13-2687     Page: 2     Date Filed: 11/12/2013 Entry ID: 4094788